NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

BERNARDINO ESTEVES,

    Plaintiff

v.

CAMDEN COUNTY JAIL ADMINISTRATOR, *et al.*,

    Defendant

Civ. No. 21-12796 (RMB-MJS)

**OPINION**

BUMB, District Judge

    Plaintiff Bernardino Esteves was a prisoner incarcerated in South Woods State Prison in Bridgeton, New Jersey at the time he filed a pro se civil rights complaint against Camden County Jail officials. (Compl., Dkt. No. 1.) For the following reasons, the Court will dismiss the Complaint without prejudice.

I. FILING FEE/IN FORMA PAUPERIS

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis.* The entire fee to be paid in advance of filing a civil complaint is $402. That fee includes a filing fee of $350 plus an administrative fee of $52, for a total of $402. A prisoner who is granted *in forma pauperis* status will instead be assessed a filing fee of $350 to be paid in installments and will not be responsible for the $52 administrative fee. A prisoner who is denied *in forma pauperis* status

must pay the full $402, including the $350 filing fee and the $52 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under § 1915, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall deduct from the prisoner's account, and forward to the Clerk, an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

In this case, Plaintiff has not submitted a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. This matter will, therefore, be administratively terminated. Furthermore, for the following reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019) ("a court has the authority to dismiss a case "at any time," 28 U.S.C. § 1915(e)(2),

regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously"), cert. denied, 140 S. Ct. 1303, 206 L. Ed. 2d 380 (2020).

II. LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL

District courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. District courts must *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B), § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Thus, to survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Pro se pleadings must be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

III. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

A. The Complaint

Plaintiff names the Camden County Jail Administrator, Camden County Sheriff [Actor 1], and John Doe Actors 2 and 3 as defendants to this action. (Compl., ¶ 4, Dkt. No.

4

1.) For his claim against the Camden County Jail Administrator, Plaintiff alleges "I never got my mail, and immigration letter: stating I had a warrent [sic], and I never got my property/ via card etc. from Camden County Jail." (Compl., ¶ 4(b), Dkt. No. 1.) For his claim against the Camden County Sheriff, Plaintiff alleges, "I must say I never seen Camden County Sheriff or have never been served this active Security of Interest to Immigration Violations #A-079-706-324." Plaintiff requests that the Court add Actors 2 and 3 as defendants, but he does not allege what these actors did to violate federal law. In further support of his claims, Plaintiff states "A clear violation #1 I never signed any violations stating of any warrants." (Compl., ¶ 6, Dkt. No. 1.)  Plaintiff further alleges "#2 see Camden County Jail [Log Books]  legal mail, U.S. incoming outgoing." For relief, Plaintiff requests,

> I respectfully ask the Courts for a grant to dismiss any and all #1 Immigration violations offenses that I have active under Numbers: Od, Offense #3100, date issued 7/20/2007, Inactive # A-079-706-324/originated: CAM-08200713-I"

(Compl., ¶ 7, Dkt. No. 1.) Notably, Plaintiff does not allege that he was in custody in Camden County Jail pursuant to an immigration warrant, rather it appears that someone attempted to serve an immigration warrant on him at Camden County Jail, and Plaintiff never received the warrant until after he left Camden County Jail.

    B.    <u>Analysis</u>

The Court liberally construes the Complaint as raising two claims, that defendants failed to deliver his legal mail to him, and defendants failed to return his property to him. For relief, Plaintiff asks the Court to dismiss his immigration offenses. As to his first claim, to state a First Amendment access to the courts claim, a plaintiff must allege an actual injury as a result of a defendant's withholding of his legal mail. <u>See Jordan v. Cicchi</u>, 617 F.

App'x 153, 158 (3d Cir. 2015) ("In sum, with respect to his access to the courts claim, Jordan failed to identify any actual injury suffered as a direct result of any withheld legal mail….") As to his second claim, "[a] prisoner's due process claim based on a state actor's unauthorized deprivation of property is not actionable under § 1983 unless no adequate post-deprivation remedy is available." Mattis v. Dohman, 260 F. App'x 458, 461 (3d Cir. 2008) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)). Prison grievance systems that allow prisoners to complain about lost property are adequate post-deprivations remedies, as are state tort suits for conversion of property. Mattis, 260 F. App'x at 461 (citations omitted). Plaintiff has not alleged that Camden County Jail does not provide a grievance system to complain about lost property or that he is unable to bring a state tort suit for conversion of property. Moreover, the Court notes it lacks jurisdiction to provide Plaintiff with the relief requested, dismissal of his immigration offenses. See generally, Soriano Nunez v. Att'y Gen. of United States, 804 F. App'x 184, 188 (3d Cir.), cert. denied sub nom. Soriano Nunez v. Barr, 141 S. Ct. 558, 208 L. Ed. 2d 177 (2020) (immigration proceedings are civil in nature and are held, in the first instance, before an immigration judge). For these reasons, the Court will dismiss the complaint without prejudice for failure to state a claim.

IV. CONCLUSION

     Plaintiff's complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted and this matter will be administratively terminated. Plaintiff shall have thirty (30) days in which to either pay the $402 filing fee or submit a complete application to proceed *in forma pauperis* along with a proposed amended complaint that corrects the deficiencies of his original complaint, should he elect to do so. An appropriate order will be entered.

DATED: <u>**November 29, 2021**</u>

                                            <u>s/Renée Marie Bumb</u>
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**